LAURA H. PASSMAN, ADMINISTRATRIX OF WILLIAM
PASSMAN, DECEASED, PLAINTIFF IN ERROR, v. WEST
JERSEY AND SEASHORE RAILROAD COMPANY, DE-
FENDANT IN ERROR.

Argued November 27, 1902—Decided March 2, 1903.

1. A traveler on a highway about to pass over a railroad track
   must make reasonable use of his senses to ascertain if such
   crossing can be safely made before attempting it; if his failure
   to do so contributes to his injuries he cannot recover damages
   therefor.
2. The cutting of a train of cars on a side track, leaving some on
   one side and some on the other of a highway, where the view of
   the other track is partially obscured thereby, is not an invitation
   to the public to cross without using ordinary precautions to ascer-
   tain if such crossing can be safely made.
3. A traveler on a bicycle is required to use the same care and pru-
   dence before passing over a railroad as is required of a pedestrian.

This cause was tried at the Atlantic Circuit in December,
1901, before Mr. Justice Hendrickson and a jury, and a ver-
dict for the defendant was rendered under the order of the
court.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *Joseph H. Gaskill* and *Nelson
B. Gaskill.*

The opinion of the court was delivered by

VOORHEES, J. It is necessary in the decision of this case
to consider only the assignment of error directed to the in-
struction of the court to the jury to find a verdict for the de-
fendant.

The action was brought by the administratrix of William
Passman to recover damages for his death, which was caused
by one of the engines of the defendant company colliding with
him as he was attempting to cross its tracks on Ohio avenue,
in Atlantic City, on a bicycle.

The testimony developed the fact that the deceased had for several months prior to the accident been employed by a lumber dealer, whose office was less than one hundred feet from the crossing, and that in the ordinary business of his employment, and in going to and coming from his home, which was in the southern part of the city, on the opposite side of the track from the place of his employment, he necessarily passed over this crossing several times a day and was presumably acquainted with the times and manner of running trains thereover. The railroad and Ohio avenue cross each other at this point at nearly a right angle, the avenue extending north and south and the railroad east and west. At the time of the accident the railroad had four tracks across the avenue; the two nearest the deceased's place of employment were sidings or tracks used for the shifting and storing of cars, the two furthest were the regular express or incoming and outgoing tracks. Just prior to the accident a train of empty cars had been drilled upon the siding tracks, and it was in evidence, although denied by some of the witnesses, that this train had been cut, leaving some cars to the east and some to the west of the avenue, thus permitting passage over the avenue for vehicles and pedestrians. A witness who was walking on the avenue in a southerly direction toward the crossing saw the deceased just before the accident standing with his bicycle at the door of the office where he was employed, talking with someone. This witness proceeded on his way towards the crossing, and when between the empty cars, or on approaching the lower track, seeing the regular evening express of the defendant company coming at a high rate of speed on the southerly or incoming track, turned and shouted to the deceased to warn him of the danger, and then tried to "grab" him, and, if possible, prevent by force his proceeding in front of the train. In this he was unsuccessful. He says the deceased was almost upon him when he turned; was riding on his bicycle at a moderate rate of speed and going directly in front of the train by which he was struck and instantly killed.

It was contended by the counsel of the plaintiff that the empty cars left on the side tracks obstructed the view of the

incoming train; that the cutting of this train of empty cars was an implied invitation to the public and to the plaintiff's intestate that the tracks could be crossed in safety, and also that none of the statutory signals were given by the defendant of the approach of its train, and therefore it was liable in damages for his death. No negligence, however, on the part of the railroad employes would excuse the plaintiff's intestate from exercising reasonable and ordinary care in approaching this crossing, which was a place of obvious and known danger, so that his failure to observe such care would preclude the plaintiff's right of recovery. The cutting of the train was not an invitation to cross without exercising reasonable care; it was only for the purpose of furnishing an opportunity to those who might desire to cross while using the ordinary prudence required by the law under the circumstances apparent from the condition of the crossing. The absence of the statutory signals did not justify the deceased in assuming that it was safe for him to cross. He should have used reasonable care for his own preservation, and, failing therein, he cannot shift the sole responsibility upon the company. If by taking ordinary care he could have avoided the danger, his failure to do so negatives the plaintiff's right of recovery. One cannot recover for the breach of duty of another when he is lacking in ordinary prudence himself.

The respective rights of railroad companies and persons attempting to pass over their tracks at regular crossings are reciprocal. The company has the right of way; it must, however, give the statutory signals of the approach of its trains. A person about to cross a railroad track on a highway is presumed to know the danger, and, while he may reasonably expect to be warned by the prescribed signals of an approaching train, he cannot justify himself in risking the danger unless he has exercised the senses nature has given to protect him from harm, and he must exercise such faculties in the manner that an ordinarily prudent person would exercise them under similar circumstances. The greater the difficulty of discovering the danger as apparent from the surroundings, the greater is the care required, and if the circumstances are such that

one sense is rendered less reliable, the others must be used to a correspondingly greater extent.

As early as 1854, in *Moore* v. *Central Railroad Co.*, 4 *Zab.* 268, Mr. Justice Potts, in speaking for the Supreme Court, said: "I am certainly of opinion that the plaintiff was bound to show that he used all ordinary care, all reasonable caution to avoid the collision." This was a crossing case. The plaintiff was seriously injured. On the trial he did not prove any negligence on the part of the defendant or the exercise of ordinary prudence on his own part. This case was before the Supreme Court on a rule to show cause, and was afterwards affirmed by this court on a writ of error in *Id.* 824, wherein Mr. Justice Haines said the court intended to adopt the principle laid down by the Supreme Court. Negligence is a fault and will not be presumed against either litigant in the absence of proof. *Pennsylvania Railroad Co.* v. *Middleton*, 28 *Vroom* 154. The proper caution to be exercised before attempting to pass over a railroad crossing has been clearly defined in this state by a large number of decisions; a few only are cited here. *Morris and Essex Railroad Co.* ads. *Haslan*, 4 *Id.* 147; *Pennsylvania Railroad Co.* v. *Righter*, 13 *Id.* 180; *Central Railroad Co.* v. *Smalley*, 32 *Id.* 277; *Green* v. *Erie Railroad Co.*, 36 *Id.* 301.

The plaintiff's intestate in this case was riding on a bicycle, a vehicle propelled by his own power, over which he had personal control. The general rule to be applied requires a bicyclist, on approaching a railroad crossing where the view of the track is in any way obscured, to dismount, or at least bring his wheel to such a stop as will enable him to look up and down the track and listen before attempting to cross, and while his acts may vary in certain details, the law requires of him practically the same reasonable care as is required of a pedestrian. *Robertson* v. *Pennsylvania Railroad Co.*, 7 *Am. & Eng. R: R. Cas. (N. S.)* 605.

The deceased was guilty of contributory negligence. There was no error in the order directing a verdict for the defendant, and the judgment thereon should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN SYCKEL, DIXON, GARRISON, FORT, GARRETSON, PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM.   12.

*For reversal*—None.